IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAESAR REEVES, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-2436-D |
| VS. § | |
| § | |
| MARKET CENTER MANAGEMENT § | |
| CO., LTD., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

This is an action by *pro se* plaintiff Caesar Reeves ("Reeves") alleging claims for race discrimination, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Texas Labor Code; age discrimination, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Texas Labor Code; retaliation, under Title VII and the Texas Labor Code; retaliation, under 42 U.S.C. § 1981; and disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant Market Center Management Co., Ltd. ("Market Center") moves for summary judgment. Reeves has not responded to the motion. The court now grants the motion and dismisses this action with prejudice by judgment filed today.[*]

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case,

I

Reeves filed this action *pro se* alleging claims for race, age, and disability discrimination, and retaliation against Market Center under Title VII, the ADEA, the ADA, 42 U.S.C. § 1981, and the Texas Labor Code.  In sum, Reeves (who alleges that he is African-American, age 65, with hernia problems) complains that Market Center terminated his employment based on his ongoing health problems, race, and age, and as an act of retaliation.  On January 31, 2014 Market Center filed the instant motion for summary judgment.  Reeves's response was due on February 21, 2014.  *See* N.D. Tex. Civ. R. 7.1(e).  Reeves has not responded to the motion.

II

Because Market Center will not have the burden of proof at trial on Reeves's claims, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In its motion, Market Center relies on several grounds to obtain summary judgment.  Among them, Market Center points to the absence of evidence of discrimination or retaliation.  *See* D. Mot. 2.

Because Market Center has pointed to the absence of evidence to support Reeves's claims, Reeves must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial.  *See Celotex*, 477 U.S. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is

---

and not for publication in an official reporter, and should be understood accordingly.

such that a reasonable jury could return a verdict in Reeves's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Failure to produce proof as to any essential element renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Reeves fails to meet this burden. *Little*, 37 F.3d at 1076.

As noted, Reeves has not responded to Market Center's motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Market Center's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Reeves's failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Additionally, Fed. R. Civ. P. 56(e)(2) and (3) provide:

> If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(e), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

The fact that Reeves is litigating this case *pro se* does not alter these principles. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Bookman*, 945 F. Supp. at 1005. Market Center is therefore entitled to summary judgment.

\* \* \*

Accordingly, Market Center's January 31, 2014 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

February 26, 2014.

                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE